## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

TIMOTHY COUCH,

    Plaintiff,

vs.

VILLAGE OF DIXMOOR, DIXMOOR POLICE DEPARTMENT, MITCHELL DAVIS AND EMIR KING,

    Defendants.

FILED FEB 17 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 05C 0963

JUDGE SHADUR

MAGISTRATE JUDGE LEVIN

### COMPLAINT

NOW COMES the Plaintiff, TIMOTHY COUCH, by and through his attorneys, the LAW OFFICES OF BRUCE M. BOZICH, and complaining of the Defendants, VILLAGE OF DIXMOOR, DIXMOOR POLICE DEPARTMENT, MITCHELL DAVIS AND EMIR KING, states as follows:

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. Section 1983, and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 (1)(2)(3)(4) and statutory and Constitutional provisions.

2. Plaintiff, TIMOTHY COUCH, is a citizen of the United States and a resident of the State of Illinois.

3. At all relevant times, Defendant EMIR KING, was a police officer of the Police Department of the Village of Dixmoor, and at all times mentioned, was acting in such capacity as the agent, servant, and employee of the Defendant DIXMOOR POLICE DEPARTMENT. He is sued individually and in his official capacity.

4. Defendant MITCHELL DAVIS, is, and at all times mentioned, was the Chief of the Police of the Village of Dixmoor Police Department. As such, he was the commanding officer of Defendant EMIR KING and was responsible for the training, suspension, hiring, and conduct of EMIR KING as more fully set forth below. He is responsible by law for enforcing the regulations of the Village of Dixmoor Police Department and for ensuring that EMIR KING obey the laws of the State of Illinois and the United States. He is sued individually and in his official capacity.

5. The Defendant VILLAGE OF DIXMOOR and DIXMOOR POLICE DEPARTMENT are municipal corporations in the State of Illinois and at all relevant times hereto, employed the Defendants Officer KING and MITCHELL DAVIS.

6. At all relevant times hereto, Defendant Officer KING and MITCHELL DAVIS were acting under color of law and pursuant to the authority as police officers and police officials.

### Count I

7. On December 21, 2004, at or about 5:00 p.m., Officer KING was dispatched to and arrived at the scene of a motor vehicle accident in the Village of Dixmoor.

8. Following his arrival on the scene, Officer KING placed Plaintiff under arrest, and transported him to the Dixmoor Police Station.

9. While at the Dixmoor Police Station, Defendant Officer KING assaulted, battered and brutally beat Plaintiff, Plaintiff then being in custody, unarmed, handcuffed, and unable to resist Defendant. Defendant Officer KING thus committed a battery on the Plaintiff.

10. As a result of the assault and battery by Defendant Officer KING, Plaintiff suffered cervical fractures, lacerations to his head which left permanent scars, a hematoma to his left leg, a subdural hematoma of his skull, and multiple facial fractures.

11. Plaintiff was subsequently transported to St. James Hospital in Olympia Fields by the Village of Dixmoor Fire Department, for treatment of his injuries, where he was hospitalized until on or about January 2, 2005.

12. Plaintiff has not been formally arraigned or charged with any offenses at the present time.

13. Defendant Officer KING battered Plaintiff without just and legal cause, thereby violating his rights under the laws of the Constitution of the United States, in particular the Fifth and Fourteenth Amendment, and his right under the Constitution of the State of Illinois.

14. In battering Plaintiff, Officer KING violated the rules and regulations of the Dixmoor Police Department regarding the use of excessive force.

15. As a direct and proximate result of the above-described unlawful and malicious acts of Defendant, Officer KING, all committed under color of his authority as a Dixmoor Police Officer,

and while acting in that capacity, Plaintiff suffered grievous bodily harm and extreme pain, all of which is in violation of his rights under the laws and Constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. § 1983.

16. Plaintiff TIMOTHY COUCH was the victim of punishment administered in a grossly disproportionate manner to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived him of the right to due process of law under the laws and constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments. The battering of Plaintiff was unwarranted, cruel, unjustifiable and excessive.

17. As a further result of the above-described acts, Plaintiff was deprived of rights and immunities provided to him under the Constitution and Laws of the United States and of the State of Illinois, including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and to the equal protection of the laws.

18. The failure of the Defendant, City of DIXMOOR POLICE DEPARTMENT, to provide training and supervision regarding the lawful use of force by an officer amounts to gross negligence and a deliberate indifference to the safety and lives of the citizens of the City of Dixmoor. This gross negligence was a proximate cause of the injuries of Plaintiff.

19. Defendants, VILLAGE OF DIXMOOR, DIXMOOR POLICE DEPARTMENT, and Police Chief MITCHELL DAVIS are directly liable and responsible for the acts of Defendant, EMIR KING, are directly liable and responsible for the acts of Defendant EMIR KING, because they knowingly failed to enforce the laws of the State of Illinois, and the regulations of the DIXMOOR POLICE DEPARTMENT pertaining to the use of force by the VILLAGE OF DIXMOOR Police Officers, thereby creating with the DIXMOOR POLICE DEPARTMENT, an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence, in the belief that such acts will be condoned and justified by their superiors, Defendants VILLAGE OF DIXMOOR and MITCHELL DAVIS were, or should have been aware of these unlawful acts and practices prior to and at the time of Plaintiff's beating.

**WHEREFORE,** Plaintiff, TIMOTHY COUCH, prays for judgment against the Defendants, and each of them, as follows:

1. Compensatory damages to Plaintiff in the amount of $2,000,000.00.

2. Punitive damages against Defendants MITCHELL DAVIS and EMIR KING, in the amount of $2,000,000.00.

3. Awarding Plaintiff the reasonable costs, attorney fees, and expenses of this action.

4. Such other and further relief as may be just.

### Count II

1-13. Plaintiff TIMOTHY COUCH hereby restates, realleges and incorporates by reference Paragraphs 1 through 13 inclusive of Count I of the Complaint as paragraphs 1 through 13 inclusive of this Count II as if fully set forth herein.

14. At all relevant times, Defendant EMIR KING, as a police officer of the Village of Dixmoor Police Department, was acting under the direction and control of Defendant, Chief MITCHELL DAVIS and Defendant VILLAGE OF DIXMOOR.

15. Acting under color of law and pursuant to official policy or custom, Defendants MITCHELL DAVIS and VILLAGE OF DIXMOOR knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant Police Officer KING in his duties to refrain from: (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously assualting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of a detention, whether the detention was lawful or unlawful; (3) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Illinois; and (4) otherwise depriving Plaintiff of his Constitutional and statutory rights, privileges, and immunities.

4

16. Defendants, Chief MITCHELL DAVIS and VILLAGE OF DIXMOOR had knowledge of, or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants, Chief MITCHELL DAVIS and VILLAGE OF DIXMOOR had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

17. Defendants, Chief MITCHELL DAVIS and VILLAGE OF DIXMOOR, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Officer KING as heretofore described.

18. As a direct and proximate cause of the acts of Defendants, Chief MITCHELL DAVIS and the VILLAGE OF DIXMOOR, as set forth herein, Plaintiff suffered physical injuries, loss of income, medical expenses, and severe mental and emotional anguish and distress in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff TIMOTHY COUCH demands judgment against Defendants Chief MITCHELL DAVIS, and the VILLAGE OF DIXMOOR jointly and severally, for compensatory damages in the amount of $2,000,000.00, and further demands judgment against Defendant MITCHELL DAVIS for punitive damages in the amount of $2,000,000.00, plus his costs, attorney fees and expenses of this action, and any such other relief this Court deems just and equitable.

_____
One of the Attorneys for Plaintiff

**LAW OFFICES OF BRUCE M. BOZICH**
11800 South 75th Avenue
Palos Heights, IL 60463
(708) 923-6000

5