

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TIMOTHY COUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 0963 |
| v. ) | |
| ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE ) | |
| DEPARTMENT, MITCHELL DAVIS and ) | Magistrate Judge Levin |
| EMIR KING, ) | |
| Defendants. ) | |

**FILED**
MAY 09 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

TO: Counsel of Record (See Attached Service List)

PLEASE TAKE NOTICE that on this 9th day of May, 2005 we have filed with the Clerk of the United States District Court For the Northern District of Illinois, Eastern Division, Defendants' Answer to Complaint, a copy of which is attached hereto.

BRENNER, FORD, MONROE & SCOTT, LTD.
33 North Dearborn Street, Suite 300
Chicago, Illinois 60602

Attorneys for Defendants
Firm ID 38007
Ph: (312) 781-1970

### CERTIFICATE OF MAILING

I, a non-attorney, state I served this notice by mailing a copy to the above-named party at the above-listed address and deposited same in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at 5:00 p.m. on this 9th day of May, 2005, with proper postage prepaid.

*Maria Sanchez*

[X] Under penalties as provided by law
pursuant to 735 ILCS 5 1-109 (1993)
I certify that the statements set
forth herein are true and correct.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY COUCH, | ) |
| Plaintiff, | ) No. 05 C 0963 ) ) |
| v. | ) Judge Shadur ) |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE DEPARTMENT, MITCHELL DAVIS and EMIR KING, | ) Magistrate Judge ) ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO COMPLAINT

NOW COME the Defendants, VILLAGE OF DIXMOOR, DIXMOOR POLICE, DEPARTMENT, MITCHELL DAVIS and EMIR KING, by and through its attorneys, BRENNER, FORD, MONROE & SCOTT, LTD., and for its answer to Plaintiff's complaint, states as follows:

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. Section 1983, and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Jurisdiction if founded on 28 U.S.C. §§ 1331 and 1343 (1)(2)(3)(4) and statutory and Constitutional provisions.

**ANSWER:** Defendant VILLAGE OF DIXMOOR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

**ANSWER:** Defendant MITCHELL DAVIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

**ANSWER:** Defendant EMIR KING is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Plaintiff, TIMOTHY COUCH, is a citizen of the United States and a resident of the State of Illinois.

**ANSWER:** Defendant VILLAGE OF DIXMOOR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

**ANSWER:** Defendant MITCHELL DAVIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

**ANSWER:** Defendant EMIR KING is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. At all relevant times, Defendant, EMIR KING, was a police officer of the Police Department of the Village of Dixmoor, and at all times mentioned, was acting in such capacity as the agent, servant, and employee of the Defendant DIXMOOR POLICE DEPARTMENT. He is sued individually and as his official capacity.

**ANSWER:** Defendant VILLAGE OF DIXMOOR admits that Emir King was a police officer of the Village of Dixmoor Police Department on the date and time alleged in the complaint. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

**ANSWER:** Defendant MITCHELL DAVIS admits that Emir King was a police officer of the Village of Dixmoor Police Department on the date and time alleged in the complaint. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

**ANSWER:** Defendant EMIR KING admits that he was a police officer of the Village of Dixmoor Police Department on the date and time alleged in the complaint. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Defendant MITCHELL DAVIS, is and at all times mentioned, was the Chief of the Police of the Village of Dixmoor Police Department. As such, he was the commanding officer of Defendant EMIR KING and was responsible for the training, suspension, hiring, and conduct of EMIR KING as more fully set forth below. He is s responsible by law for enforcing the regulations of the Village of Dixmoor Police Department and for ensuring that EMIRK ING obey the laws of the State of Illinois and the United States. He is sued individually and in his official capacity.

**ANSWER:** Defendant VILLAGE OF DIXMOOR admits that Mitchell Davis was the Chief of Police of the Village of Dixmoor Police Department on the date alleged in the complaint, and that he was the commanding officer of Defendant Emir King. Answering further, Defendant denies the remaining allegations contained in paragraph 4.

**ANSWER:** Defendant MITCHELL DAVIS admits that he was the Chief of Police of the Village of Dixmoor Police Department on the date alleged in the complaint, and that he was the commanding officer of Defendant Emir King. Answering further, Defendant denies the remaining allegations contained in paragraph 4.

**ANSWER:** Defendant EMIR KING admits that Mitchell Davis was the Chief of Police of the Village of Dixmoor Police Department on the date alleged in the complaint, and that he was the commanding officer of Defendant Emir King. Answering further, Defendant denies the remaining allegations contained in paragraph 4.

5. The Defendant, VILLAGE OF DIXMOOR and DIXMOOR POLICE DEPARTMENT are municipal corporations in the State of Illinois and at all relevant times hereto, employed the Defendants Officer KING and MITCHELL DAVIS.

**ANSWER:** Defendant VILLAGE OF DIXMOOR admits that the Village of Dixmoor is a Municipal Corporation in the State of Illinois, and employed officers King and Davis as members of the Village of Dixmoor Police Department on the date alleged in the complaint. Answering further, Defendant denies all remaining allegations contained in paragraph 5.

**ANSWER:** Defendant MITCHELL DAVIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

**ANSWER:** Defendant EMIR KING is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. At all relevant times hereto, Defendant Officer KING and MITCHELL DAVIS were acting under color of law and pursuant to the authority as police officers and police officials.

**ANSWER:** Paragraph 6 states a legal conclusion to which no answer is required. However, to the extent paragraph 6 contains allegation of fact requiring an answer, Defendant VILLAGE OF DIXMOOR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

**ANSWER:** Paragraph 6 states a legal conclusion to which no answer is required. However, to the extent paragraph 6 contains allegation of fact requiring an answer,

3

Defendant MITCHELL DAVIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

**ANSWER:** Paragraph 6 states a legal conclusion to which no answer is required. However, to the extent paragraph 6 contains allegation of fact requiring an answer, Defendant EMIR KING is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

## COUNT I

7. On December 21, 2004, at or about 5:00 p.m. Officer KING was dispatched to and arrived at the scene of a motor vehicle accident in the Village of Dixmoor.

**ANSWER:** Defendant VILLAGE OF DIXMOOR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

**ANSWER:** Defendant MITCHELL DAVIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

**ANSWER:** Defendant EMIR KING admits that on the date in question, he was dispatched to assist the Blue Island Police Department in pursuing and apprehending a reported reckless driver who was fleeing from police, but denies the remaining allegations of paragraph 7.

8. Following his arrival on the scene, Officer KING placed Plaintiff under arrest, and transported him to the Dixmoor Police Station.

**ANSWER:** Defendant VILLAGE OF DIXMOOR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

**ANSWER:** Defendant MITCHELL DAVIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

**ANSWER:** Defendant EMIR KING admits that after plaintiff was apprehended, he placed plaintiff under arrest. Defendant denies the remaining allegations contained in paragraph 8.

9. While at the Dixmoor Police Department Station, Defendant Officer KING assaulted, battered and brutally beat Plaintiff. Plaintiff then being in custody, unarmed, handcuffed, and unable to resist Defendant, Defendant Officer KING thus committed a battery on the Plaintiff.

4

**ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 9.

**ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 9.

**ANSWER:** Defendant EMIR KING denies the allegations contained in paragraph 9.

10. As a result of the assault and battery by Defendant Officer KING, Plaintiff suffered cervical fractures, lacerations to his head which left permanent scars, a hematoma to his left leg, a subdural hematoma of his skull, and multiple facial fractures.

**ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 10.

**ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 10.

**ANSWER:** Defendant EMIR KING denies the allegations contained in paragraph 10.

11. Plaintiff was subsequently transported to St. James Hospital in Olympia Fields by the Village of Dixmoor Fire Department, for treatment of his injuries, where he was hospitalized until on or about January 2, 2005.

**ANSWER:** Defendant VILLAGE OF DIXMOOR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

**ANSWER:** Defendant MITCHELL DAVIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

**ANSWER:** Defendant EMIR KING is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Plaintiff has not been formally arraigned or charged with any offenses at the present time.

**ANSWER:** Defendant VILLAGE OF DIXMOOR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

**ANSWER:** Defendant MITCHELL DAVIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

5

**ANSWER:** Defendant EMIR KING is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Defendant Officer KING battered Plaintiff without just and legal cause, thereby violating his rights under the laws of the Constitution of the United States, in particular the fifth and Fourteenth Amendment, and his right under the Constitution of the State of Illinois.

**ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 13.

**ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 13.

**ANSWER:** Defendant EMIR KING denies the allegations contained in paragraph 13.

14. In battering Plaintiff, Officer KING violated the rules and regulations of the Dixmoor Police Department regarding the use of excessive force.

**ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 14.

**ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 14.

**ANSWER:** Defendant EMIR KING denies the allegations contained in paragraph 14.

15. As a direct and proximate result of the above described unlawful and malicious acts of Defendant, Officer KING, all committed under the color of his authority as a Dixmoor Police Officer, and while acting in that capacity, Plaintiff suffered grievous bodily harm and extreme pain, all of which is in violation of his rights under the law and Constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. §§ 1983.

**ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 15.

**ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 15.

**ANSWER:** Defendant EMIR KING denies the allegations contained in paragraph 15.

6

16. Plaintiff, TIMOTHY COUCH was the victim of punishment administered in a grossly disproportionate manner to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived him of the right to due process of law under the laws and constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments. The battering of Plaintiff was unwarranted, cruel, unjustifiable and excessive.

> **ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 16.
>
> **ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 16.
>
> **ANSWER:** Defendant EMIR KING denies the allegations contained in paragraph 16.

17. As a further result of the above-described acts, Plaintiff was deprived of rights and immunities provided to him under Constitution and laws of the United States and of the State of Illinois, including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and to the equal protection of the laws.

> **ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 17.
>
> **ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 17.
>
> **ANSWER:** Defendant EMIR KING denies the allegations contained in paragraph 18.

18. The failure of the Defendant, City of DIXMOOR POLICE DEPARMENT, to provide training and supervision regarding the lawful use of force by an officer amounts to gross negligence and deliberate indifference to the safety and lives of the citizens of the city of Dixmoor. This gross negligence was a proximate cause, of the injuries of Plaintiff.

> **ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 18.
>
> **ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 18.
>
> **ANSWER:** Defendant EMIR KING denies the allegations contained in paragraph 18.

7

19. Defendants, VILLAGE OF DIXMOOR, DIXMOOR POLICE DEPARTMENT, and Police Chief, MITCHELL DAVIS are directly liable and responsible for the acts of Defendant, EMIR KING, because they knowingly failed to enforce the laws of the State of Illinois, and the regulations of the DIXMOOR POLICE DEPARTMENT pertaining to the use of force by the VILLAGE OF DIXMOOR Police Officers, thereby creating with the DIXMOOR POLICE DEPARTMENT, an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence, in the belief that such acts will be condoned and justified by their superiors, Defendant VILLAGE OF DIXMOOR and MITCHELL DAVIS were, or should have been aware of these unlawful acts and practices prior to and at the time of Plaintiff's Beating.

> **ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 19.
>
> **ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 19.
>
> **ANSWER:** Defendant EMIR KING denies the allegations contained in paragraph 19.

WHEREFORE, Defendants, pray for judgment in their favor and against Plaintiff, TIMOTHY COUCH, plus costs of suit and such other and further relief as the Court deems equitable and proper.

## COUNT II

1 – 13. Plaintiff, TIMOTHY COUCH, hereby realleges and incorporates by reference Paragraphs 1 through 13 inclusive of Count I of the Complaint as paragraphs 1 through 13 inclusive of this Count II as if fully set forth herein.

> **ANSWER:** 1.-13. Defendant VILLAGE OF DIXMOOR realleges and incorporates by reference as though fully set forth herein its answers to paragraphs 1 through 13 of Count I as its answers to paragraphs 1 through 13 of Count II.
>
> **ANSWER:** 1.-13. Defendant MITCHEL DAVIS realleges and incorporates by reference as though fully set forth herein his answers to paragraphs 1 through 13 of Count I as his answers to paragraphs 1 through 13 of Count II.

8

**ANSWER:** The allegations of Count II are not directed toward Defendant EMIR KING, and seek no relief against this Defendant, and this Defendant accordingly makes no answer thereto.

14. At all relevant times, Defendant EMIR KING, as a police officer of the Village of Dixmoor Police Department, was acting under the direction and control of Defendant, Chief MITCHELL DAVIS and Defendant VILLAGE OF DIXMOOR.

**ANSWER:** Defendant VILLAGE OF DIXMOOR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

**ANSWER:** Defendant MITCHELL DAVIS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

**ANSWER:** The allegations of Count II are not directed toward Defendant EMIR KING, and seek no relief against this Defendant, and this Defendant accordingly makes no answer thereto.

15. Acting under color of law and pursuant to official policy or custom, Defendants MITCHELL DAVIS and VILLAGE OF DIXMOOR, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant Police Officer KING in his duties to refrain from: (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of a detention, whether the detention was lawful or unlawful; (3) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Illinois; and (4) otherwise depriving Plaintiff of his Constitutional and statutory rights, privileges, and immunities.

**ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 15.

>   **ANSWER:** Defendant MITCHELL denies the allegations contained in paragraph 15.
>
>   **ANSWER:** The allegations of Count II are not directed toward Defendant EMIR KING, and seek no relief against this Defendant, and this Defendant accordingly makes no answer thereto.

16. Defendant Chief MITCHELL DAVIS and VILLAGE OF DIXMOOR had knowledge or, or had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants, Chief MITCHELL DAVIS and VILLAGE OF DIXMOOR had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

>   **ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 16.
>
>   **ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 16.
>
>   **ANSWER:** The allegations of Count II are not directed toward Defendant EMIR KING, and seek no relief against this Defendant, and this Defendant accordingly makes no answer thereto.

17. Defendants, Chief MITCHELL DAVIS and VILLAGE OF DIXMOOR, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Officer KING as heretofore described.

>   **ANSWER:** Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 17.
>
>   **ANSWER:** Defendant MITCHELL DAVIS denies the allegations contained in paragraph 17.
>
>   **ANSWER:** The allegations of Count II are not directed toward Defendant EMIR KING, and seek no relief against this Defendant, and this Defendant accordingly makes no answer thereto.

18    As a direct and proximate cause of the acts of Defendants, Chief MITCHELL DAVIS and VILLAGE OF DIXMOOR, as set forth herein, Plaintiff suffered physical injuries, loss of income, medical expenses, and severe mental and emotional anguish and distress in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**ANSWER:**    Defendant VILLAGE OF DIXMOOR denies the allegations contained in paragraph 18.

**ANSWER:**    Defendant MITCHELL DAVIS denies the allegations contained in paragraph 18.

**ANSWER:**    The allegations of Count II are not directed toward Defendant EMIR KING, and seek no relief against this Defendant, and this Defendant accordingly makes no answer thereto.

WHEREFORE, Defendants, pray for judgment in their favor and against Plaintiff, TIMOTHY COUCH, plus costs of suit and such other and further relief as the Court deems equitable and proper.

Respectfully submitted,

BRENNER, FORD, MONROE & SCOTT, LTD.

By: _/s/ Stephen A. Kolodziej_
Stephen A. Kolodziej

**Brenner, Ford, Monroe & Scott, Ltd.**
33 North Dearborn Street, Suite 300
Chicago, Illinois 60602
(312) 781-1970

11