

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**F I L E D**

TIMOTHY COUCH, )
)
       Plaintiff, )
)
       v. )
)
VILLAGE OF DIXMOOR, DIXMOOR POLICE )
DEPARTMENT, MITCHELL DAVIS and )
EMIR KING, )
              Defendants. )

JUL 1 1 2005
JUL 11 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 05 C 0963

Judge Shadur

Magistrate Judge Levin

## NOTICE OF FILING

TO:    Counsel of Record (See Attached Service List)

PLEASE TAKE NOTICE that on this 11<u>th</u> day of <u>July,</u> 2005 we have filed with the Clerk of the United States District Court For the Northern District of Illinois, Eastern Division, Answer and Affirmative Defense to First Amended Complaint, a copy of which is attached hereto.

BRENNER, FORD, MONROE & SCOTT, LTD.       Attorneys for Defendants
33 North Dearborn Street, Suite 300           Firm ID 38007
Chicago, Illinois 60602                  Ph: (312) 781-1970

## CERTIFICATE OF MAILING

I, Maria Sanchez, a non-attorney, state I served this notice by mailing a copy to the above-named party at the above-listed address and deposited same in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at 5:00 p.m. on this 11<u>th</u> day of <u>July,</u> 2005, with proper postage prepaid.

*Maria Sanchez*

|X|    Under penalties as provided by law
       pursuant to 735 ILCS 5/1-109 (1993)
       I certify that the statements set
       forth herein are true and correct.

Re:   Couch v. Village of Dixmoor, Dixmoor Police Department, et al.
      Court No.:    05 C 0963

# SERVICE LIST

### *Attorney for Plaintiff*

**Law Offices of Bruce M. Bozich**
11800 South 75th Avenue
Palos Heights, IL 60463
(708) 923-6000
(708) 923-6480 (Fax)

### *Village Attorney*

Bettie Lewis
1836 East 71st Street
Chicago, Illinois 60649
(708) 717-0178

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**F I L E D**

JUL 1 1 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| TIMOTHY COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 0963 |
| v. | ) | |
| | ) | Judge Shadur |
| VILLAGE OF DIXMOOR, MITCHELL | ) | |
| DAVIS and EMIR KING, | ) | Magistrate Judge Levin |
| | ) | |
| Defendants. | ) | |

### ANSWER and AFFIRMATIVE DEFENSE TO FIRST AMENDED COMPLAINT

NOW COME the Defendants, VILLAGE OF DIXMOOR, MITCHELL DAVIS and EMIR

KING, by and through their attorneys, BRENNER, FORD, MONROE & SCOTT, LTD., and for their

answer and affirmative defense to Plaintiff's First Amended Complaint, state as follows:

### Jurisdiction

1.    This action is brought pursuant to 42 U.S.C. Section 1983, and the Fifth, Eighth, and

Fourteenth Amendments of the United States Constitution, Jurisdiction is founded on 28 U.S.C. §§

1331 and 1343 (1)(2)(3)(4) and statutory and Constitutional provisions.

> **ANSWER:**    Defendants admit the jurisdiction of the court under Section 1983 and Federal
> law, but state that plaintiff's claims arise under the Fourth Amendment, not the
> Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.

2.    Plaintiff, TIMOTHY COUCH, is a citizen of the United States and a resident of the

State of Illinois.

> **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to
> the truth of the allegations of paragraph 2.

3.    At all relevant times, Defendant, EMIR KING, was a police officer of the Police

Department of the Village of Dixmoor (hereinafter referred to as "VILLAGE"), and at all times

mentioned, was acting in such capacity as the agent, servant, and employee of the Defendant VILLAGE. He is sued individually and as his official capacity.

      **ANSWER:**   Defendants admit the allegations of paragraph 3.

4.    Defendant MITCHELL DAVIS, is, and at all times mentioned, was the Chief of the Police of the Village of Dixmoor Police Department. As such, he was the commanding officer of Defendant EMIR KING and was responsible for the training, suspension, hiring, and conduct of EMIR KING as more fully set forth below. He is responsible by law for enforcing the regulations of the Village of Dixmoor Police Department and for ensuring that EMIR KING obey [sic] the laws of the State of Illinois and the United States. He is sued individually and in his official capacity.

      **ANSWER:**   Defendants deny that Mitchell Davis was responsible for the suspension and hiring of Emir King, but admit the remaining allegations of paragraph 4.

5.    The Defendant, VILLAGE OF DIXMOOR is a municipal corporation in the State of Illinois and at all relevant times hereto, employed within its police department the Defendants EMIR KING and MITCHELL DAVIS.

      **ANSWER:**   Defendants admit the allegations of paragraph 5.

6.    At all relevant times hereto, Defendants EMIR KING and MITCHELL DAVIS were acting under color of law and pursuant to the authority as police officers and police officials.

      **ANSWER:**   Defendants admit the allegations of paragraph 6.

## COUNT I

7.    On December 21, 2004, at or about 5:00 p.m. EMIR KING was dispatched to and arrived at the scene of a motor vehicle accident in the Village of Dixmoor.

      **ANSWER:**   Defendants admit that on the date in question, Officer King was dispatched to and did assist the Blue Island Police Department in pursuing and apprehending a reported reckless driver who was fleeing from police. Defendants deny the remaining allegations of paragraph 7.

2

8.     Following his arrival on the scene, EMIR KING placed Plaintiff under arrest, and transported him to the Dixmoor Police Station.

  **ANSWER:** Defendants admit the allegations contained in paragraph 8, and further state that Plaintiff was arrested on probable cause for reckless driving and possession of marijuana.

9.     While at the Dixmoor Police Department Station, Defendant EMIR KING assaulted, battered and brutally beat Plaintiff, Plaintiff then being in custody, unarmed, handcuffed, and unable to resist Defendant. Defendant EMIR KING thus committed a battery on the Plaintiff.

  **ANSWER:** Defendants deny the allegations contained in paragraph 9.

10.     As a result of the assault and battery by Defendant EMIR KING, Plaintiff suffered cervical fractures, lacerations to his head which left permanent scars, a hematoma to his left leg, a subdural hematoma of his skull, and multiple facial fractures.

  **ANSWER:** Defendants deny the allegations contained in paragraph 10.

11.     Plaintiff was subsequently transported to St. James Hospital in Olympia Fields by the Village of Dixmoor Fire Department, for treatment of his injuries, where he was hospitalized until on or about January 2, 2005.

  **ANSWER:** Defendants admit the allegations contained in paragraph 11.

12.     Plaintiff has not been formally arraigned or charged with any offenses at the present time.

  **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.     Defendant EMIR KING battered Plaintiff without just and legal cause, thereby violating his rights under the laws of the Constitution of the United States, in particular the Fifth and Fourteenth Amendment, and his right under the Constitution of the State of Illinois.

  **ANSWER:** Defendants deny the allegations contained in paragraph 13.

3

14.     In battering Plaintiff, EMIR KING violated the rules and regulations of the Dixmoor Police Department regarding the use of excessive force.

**ANSWER:**     Defendants deny the allegations contained in paragraph 14.

15.     As a direct and proximate result of the above-described unlawful and malicious acts of Defendant, EMIR KING, all committed under the color of his authority as a Dixmoor Police Officer, and while acting in that capacity, Plaintiff suffered grievous bodily harm and extreme pain, all of which is in violation of his rights under the laws and Constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. §§ 1983.

**ANSWER:**     Defendants deny the allegations contained in paragraph 15.

16.     Plaintiff, TIMOTHY COUCH was the victim of punishment administered in a grossly disproportionate manner to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived him of the right to due process of law under the laws and constitution [sic] of the United States, in particular the Fifth, Eighth and Fourteenth Amendments. The battering of Plaintiff was unwarranted, cruel, unjustifiable and excessive.

**ANSWER:**     Defendants deny the allegations contained in paragraph 16.

17.     As a further result of the above-described acts, Plaintiff was deprived of rights and immunities provided to him under the Constitution and Laws of the United States and of the State of Illinois, including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and to the equal protection of the laws.

**ANSWER:**     Defendants deny the allegations contained in paragraph 17.

18.     The failure of the Defendant VILLAGE to provide training and supervision regarding the lawful use of force by an officer amounts to gross negligence and deliberate indifference to the

4

safety and lives of the citizens of the Village of Dixmoor and State of Illinois. This gross negligence was a proximate cause of the injuries of Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 18.

19. Defendants, VILLAGE OF DIXMOOR and Police Chief MITCHELL DAVIS, are directly liable and responsible for the acts of Defendant, EMIR KING, because they knowingly failed to enforce the laws of the State of Illinois, and the regulations of the Dixmoor Police Department pertaining to the use of force by the VILLAGE Police Officers, thereby creating with the Dixmoor Police Department, an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence, in the belief that such acts will be condoned and justified by their superiors, Defendants VILLAGE OF DIXMOOR and MITCHELL DAVIS were, or should have been aware of these unlawful acts and practices prior to and at the time of Plaintiff's Beating.

**ANSWER:** Defendants deny the allegations contained in paragraph 19.

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiff, TIMOTHY COUCH, plus costs of suit and such other and further relief as the Court deems equitable and proper.

### COUNT II

1 – 13. Plaintiff, TIMOTHY COUCH, hereby restates, realleges and incorporates by reference Paragraphs 1 through 13 inclusive of Count I of the Complaint as paragraphs 1 through 13 inclusive of this Count II as if fully set forth herein.

> **ANSWER:** Defendants reallege and incorporate by reference as though fully set forth herein their answers to paragraphs 1 through 13 of Count I as their answers to paragraphs 1 through 13 of Count II.

14. At all relevant times, Defendant EMIR KING, as a police officer of the Village of Dixmoor Police Department, was acting under the direction and control of Defendant, Chief MITCHELL DAVIS and Defendant VILLAGE.

5

**ANSWER:**   Defendants admit the allegations of paragraph 14.

15.   Acting under color of law and pursuant to official policy or custom, Defendants MITCHELL DAVIS and VILLAGE knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant EMIR KING in his duties to refrain from: (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of a detention, whether the detention was lawful or unlawful; (3) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Illinois; and (4) otherwise depriving Plaintiff of his Constitutional and statutory rights, privileges, and immunities.

**ANSWER:**   Defendants deny the allegations contained in paragraph 15.

16.   Defendants, Chief MITCHELL DAVIS and VILLAGE had knowledge or, or had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants, Chief MITCHELL DAVIS and VILLAGE had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

**ANSWER:**   Defendants deny the allegations contained in paragraph 16.

6

17.     Defendants, Chief MITCHELL DAVIS and VILLAGE, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant EMIR KING as heretofore described.

**ANSWER:**     Defendants deny the allegations contained in paragraph 17.

18     As a direct and proximate cause of the acts of Defendants, Chief MITCHELL DAVIS and the VILLAGE, as set forth herein, Plaintiff suffered physical injuries, loss of income, medical expenses, and severe mental and emotional anguish and distress in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**ANSWER:**     Defendants deny the allegations contained in paragraph 18.

WHEREFORE, Defendants, pray for judgment in their favor and against Plaintiff, TIMOTHY COUCH, plus costs of suit and such other and further relief as the Court deems equitable and proper.

### Affirmative Defenses

1.     Plaintiff was lawfully arrested by defendant King on probable cause for reckless driving and possession of marijuana.   While plaintiff was handcuffed and in the custody of Officer King, and while Officer King was escorting plaintiff into the police station for processing, plaintiff attempted both to grab defendant King's service sidearm and to flee and escape from Officer King. Officer King then used reasonable and necessary force to apprehend plaintiff by tackling him to the ground.  Plaintiff was injured from falling after being so tackled while trying to escape.

2.     Defendants are entitled to qualified immunity in that Officer King was lawfully entitled to use reasonable force to subdue and apprehend plaintiff, and plaintiff had no constitutional or statutory right to be free from such reasonable force while committing the crime of attempting to escape after being arrested.

7

WHEREFORE, defendants pray for the entry of judgment in their favor and against plaintiff, plus costs of suit and such other and further relief as the Court deems equitable and proper.

Respectfully submitted,

BRENNER, FORD, MONROE & SCOTT, LTD.

By: _____
Stephen A. Kolodziej

**Brenner, Ford, Monroe & Scott, Ltd.**
33 North Dearborn Street, Suite 300
Chicago, Illinois 60602
(312) 781-1970