UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY COUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 0963 |
| v. ) | |
| ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE ) | |
| DEPARTMENT, MITCHELL DAVIS and ) | Magistrate Judge Levin |
| EMIR KING, ) | |
| Defendants. ) | |

MOTIONS IN LIMINE OF DEFENDANTS
MITCHELL DAVIS AND EMIR KING

Table of Contents

1) **Motion No. 1: To Bar Evidence or Argument Concerning Alleged Supervisor Liability of Defendant Davis**

2) **Memorandum of Law In Support of Motion *In Limine* No. 1**

3) **Motion No. 2: To Bar Undisclosed Opinion Testimony**

4) **Motion No. 3: To Bar Lay Opinions Regarding Cause of Injury**

5) **Motion No. 4: To Bar Evidence of Prior Lawsuits**

6) **Motion No. 5: To Bar Evidence or Argument Concerning Defendant Emir King's Prior Employment Reviews**

7) **Motion No. 6: To Bar Evidence of Insurance Coverage**

8) **Motion No. 7: To Bar Documents And Witnesses Not Previously Produced**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY COUCH, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | No. 05 C 0963 |
|     v. ) | |
| ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE ) | |
| DEPARTMENT, MITCHELL DAVIS and ) | Magistrate Judge Levin |
| EMIR KING, ) | |
|     Defendants. ) | |

## DEFENDANTS' MOTION IN LIMINE # 1
## TO BAR EVIDENCE OR ARGUMENT CONCERNING
## ALLEGED SUPERVISOR LIABILITY OF DEFENDANT DAVIS

NOW COME defendants Mitchell Davis and Emir King, by and through their attorneys Stephen Kolodziej and Robert Braun of the law firm of Brenner, Ford, Monroe & Scott, Ltd., and move the court *in limine* to bar plaintiff from offering any evidence or argument concerning defendant Mitchell Davis's alleged supervisor liability for the alleged use of excessive force by defendant Emir King. Defendants submit herewith their memorandum of law in support of this motion.

WHEREFORE, defendants pray for the entry of an order *in limine* as set forth above.

Respectfully submitted,

s/Stephen A. Kolodziej

Attorney for Defendants

Stephen A. Kolodziej
Robert A. Braun
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
(312) 781-1970

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 0963 |
| v. | ) | |
| | ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE | ) | |
| DEPARTMENT, MITCHELL DAVIS and | ) | Magistrate Judge Levin |
| EMIR KING, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE # 1
TO BAR EVIDENCE OR ARGUMENT CONCERNING
ALLEGED SUPERVISOR LIABILITY OF DEFENDANT DAVIS**

NOW COME defendants Mitchell Davis and Emir King, by and through their attorneys Stephen Kolodziej and Robert Braun of the law firm of Brenner, Ford, Monroe & Scott, Ltd., and for their memorandum of law in support of their motion *in limine* to bar plaintiff from offering any evidence or argument concerning defendant Mitchell Davis's alleged supervisor liability for the alleged use of excessive force by defendant Emir King, state as follows:

**I. Pleadings and Testimony**

Plaintiff's First Amended Complaint asserts claims against defendants Mitchell Davis and Emir King under 42 U.S.C. Section 1983, based upon defendant King's alleged use of excessive force against plaintiff in the course of his arrest on December 21, 2004.[1] Plaintiff alleges that defendant King, a police officer employed by the Village of Dixmoor, beat the plaintiff outside the Dixmoor Police Station while plaintiff was in custody, causing him injuries, and thereby violating his

---

[1] Although the First Amended Complaint also asserted a Section 1983 claim against the Village of Dixmoor based on King's alleged use of excessive force, plaintiff's counsel confirmed at the final pretrial conference that plaintiff was voluntarily dismissing the Village from this case. Accordingly, the Village's alleged liability is no longer at issue in this case.

Constitutional rights.[2]  Plaintiff alleges that defendant Davis was the Chief of Police for the Village of Dixmoor on the date of King's alleged use of excessive force, and was King's commanding officer responsible for his training and supervision. Plaintiff has sued Davis individually and in his official capacity, seeking to impose supervisor liability on Davis under Section 1983. First Amended Complaint at paragraph 4.

According to plaintiff's deposition testimony, the only police officer who struck him was Officer King. Deposition of Timothy Couch at 64-71.[3] Although another unidentified officer came out of the Police Station after plaintiff was struck by Officer King, plaintiff does not believe anyone else was outside when he was struck. *Id.* at 112-114.

Defendant Davis testified at deposition that he was not on duty and not present at the Police Station when the alleged beating occurred. The incident did not occur in his presence. He arrived at the Station shortly after the incident, and was informed of it by other officers in the Station. Deposition of Mitchell Davis at 55-58. At some point after the incident, either later that night or the following day, Officer King told Chief Davis what happened. *Id.* at 78-79. Davis testified that while he was Chief of Police for Dixmoor, the Village had no policies or procedures in place that condoned or encouraged or tolerated the violation of any citizen's civil rights by a police officer; to the contrary, the Village had a policy against the violation of citizens' civil rights by its police officers. *Id.* at 120.

Officer King testified at deposition that he never saw Chief Davis at the station on the evening of the incident. Deposition of Emir King at 143.

---

[2] Although plaintiff's complaint invokes the Fifth, Eighth and Fourteenth Amendments to the Constitution, it is well established that excessive force claims brought under Section 1983 are to be analyzed under the Fourth Amendment and its "reasonableness" standard. *Lanigan v. Village of East Hazel Crest, Illinois*, 110 F.3d 467, 474-75 (7th Cir. 1997).

[3] Copies of all depositions cited herein have been filed simultaneously herewith.

2

**II.     Argument**

"The doctrine of *respondeat superior* cannot be used to impose Sec. 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights." *Lanigan v. Village of East Hazel Crest, Illinois*, 110 F.3d 467, 477 (7th Cir. 1997).  A supervisor can only be liable individually under Section 1983 if he is present or knows about the use of excessive force as it is taking place, has a realistic opportunity to prevent or stop the use of excessive force, and fails to do so; or if he knows that the subordinate officer has a practice of using excessive force in similar situations and condones or ignores such conduct.  *Id.*, 110 F.3d at 477-78; *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994).  "Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official.  A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary."  *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)).  A defendant's *ex post* acts of alleged "ratification" that cannot undo the alleged Constitutional violation are not the type of involvement that gives rise to Section 1983 liability.  *Kernats*, 35 F.3d at 1182-83.

In the present case, there is no evidence that Davis knew that Officer King had a practice of using excessive force against arrestees and condoned or ignored such behavior.  Further, since he was not even present at the time of the alleged beating, there is no way Davis could have known it was occurring and intervened to stop it.  Moreover, any alleged failure of Davis to take appropriate investigatory and/or disciplinary action toward King after the fact is not the type of contemporaneous involvement required for the imposition of individual liability under Section 1983.  The testimony of record does not establish a *prima facie* case for individual liability against defendant Davis, because plaintiff has no evidence of any causal connection or affirmative link between King's alleged misconduct and defendant Davis. Thus, allowing plaintiff to argue to the jury or present testimony

regarding Davis's alleged liability for Officer King's alleged conduct would simply confuse the jury, would be unduly prejudicial to defendants, and would not be probative of any material fact in the case.

Similarly, the evidence of record does not establish any *prima facie* case for the imposition of Section 1983 liability against Davis in his official capacity. To the extent that Davis is sued in his official capacity, this action operates as a claim against the government entity itself. *Monell v. Department of Social Services*, 436 U.S. 658. 690 n. 55, 98 S.Ct. 2018, 2035 n.55, 56 L.Ed.2d 611 (1978); *Rascon*, 803 F.2d at 274. "It is well settled that a claim against a state or local agency or its officials may not be premised upon a *respondeat superior* theory." *Rascon*, 803 F.2d at 274. Moreover, the Supreme Court has held that "proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Rascon* 803 F.2d at 274 (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).

There is no evidence in this case of any unconstitutional municipal policy of the Village of Dixmoor, or that such a policy caused the alleged beating of plaintiff by Officer King. To the contrary, Davis's unrefuted testimony is that the Village had a policy *against* police officers violating citizens' civil rights. Accordingly, there is no *prima facie* case for official capacity liability of defendant Davis under Section 1983, and allowing plaintiff to argue or introduce evidence that Davis is liable for King's alleged misconduct in his official capacity as Chief of Police would be highly prejudicial, would not be probative of any material fact in the case, and would unnecessarily confuse the jury.

5

WHEREFORE, defendants pray for the entry of an order barring plaintiff from presenting argument or evidence regarding Mitchell Davis's alleged supervisor liability for the alleged misconduct of defendant Emir King, as set forth in defendants' motion *in limine*.

                                                              Respectfully submitted,
                                                              s/Stephen A. Kolodziej
                                                              Attorney for Defendants

Stephen A. Kolodziej
Robert A. Braun
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
(312) 781-1970

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY COUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 0963 |
| v. ) | |
| ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE ) | |
| DEPARTMENT, MITCHELL DAVIS and ) | Magistrate Judge Levin |
| EMIR KING, ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION IN LIMINE # 2
## TO BAR UNDISCLOSED OPINION TESTIMONY

NOW COME defendants Mitchell Davis and Emir King, by and through their attorneys Stephen Kolodziej and Robert Braun of the law firm of Brenner, Ford, Monroe & Scott, Ltd., and move the court *in limine* to bar plaintiff from offering any expert witness opinion pursuant to Fed. R. Evid. 702-705 that has not previously been disclosed through discovery responses or deposition testimony. In support thereof, defendant states as follows:

Pursuant to Federal Rules of Civil Procedure 26(a)(2)(B), plaintiff has disclosed Dr. James Bryant as an expert witnesses he intends to call and has also disclosed Dr. Bryant's opinions. Based upon these disclosures, Dr. Bryant was deposed on August 31, 2006. In addition, the plaintiff's treating physicians, Dr. Mary Keller and Dr. Wendy Marshall have been deposed, and they offered their expert opinions regarding the mechanism of the plaintiff's injuries, as well as their care and treatment of the plaintiff following his injury.

The purpose of Rule 26(a)(2)(A) is to permit litigants to ascertain and rely on the opinions of witnesses retained by adversaries or disclosed by adversaries. Accordingly, the permissible scope of

that opinion witness' testimony is limited at trial to those opinions disclosed in discovery. Under Fed. R. Civ. P. 37(c)(1), the plaintiff should be barred from presenting any expert opinions that have not been previously disclosed pursuant to Rule 26 or in response to defendants' discovery requests. *Salgado v. General Motors Corp*., 150 F.3d 735, 739-742 (7th Cir. 1998).

WHEREFORE, defendants pray for the entry of an order *in limine* as set forth above.

Respectfully submitted,
s/Stephen A. Kolodziej
Attorney for Defendants


Stephen A. Kolodziej
Robert A. Braun
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
(312) 781-1970

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 0963 |
| v. | ) | |
| | ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE | ) | |
| DEPARTMENT, MITCHELL DAVIS and | ) | Magistrate Judge Levin |
| EMIR KING, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE # 3
TO BAR LAY OPINIONS REGARDING CAUSE OF INJURY**

NOW COME defendants Mitchell Davis and Emir King, by and through their attorneys Stephen Kolodziej and Robert Braun of the law firm of Brenner, Ford, Monroe & Scott, Ltd., and move the court *in limine* to bar the plaintiff from introducing any opinion testimony from any lay witness regarding the cause of the plaintiff's injuries. In support of this motion, defendants state as follows:

1. Based upon deposition questioning, defendants anticipate that plaintiff may attempt to introduce testimony from plaintiff's father, ex-girlfriend, or other lay witnesses who are not physicians and were not eye-witnesses to the plaintiff's injury that the plaintiff was injured as a result of being beaten by the police.

2. Since these persons were not present when the plaintiff was injured, any testimony they may offer regarding the cause of his injuries would be based upon inadmissible hearsay, would constitute impermissible speculation on their part, and would be inadmissible lay opinion testimony under Federal Rule of Evidence 701.

WHEREFORE, defendants pray for the entry of an order *in limine* as set forth above.

Respectfully submitted,

s/Stephen A. Kolodziej

Attorney for Defendants

Stephen A. Kolodziej
Robert A. Braun
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
(312) 781-1970

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TIMOTHY COUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 0963 |
| v. ) | |
| ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE ) | |
| DEPARTMENT, MITCHELL DAVIS and ) | Magistrate Judge Levin |
| EMIR KING, ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION IN LIMINE # 4
### TO BAR EVIDENCE OF PRIOR LAWSUITS

NOW COME defendants Mitchell Davis and Emir King, by and through their attorneys Stephen Kolodziej and Robert Braun of the law firm of Brenner, Ford, Monroe & Scott, Ltd., and move the court *in limine* to bar plaintiff from offering any evidence or argument concerning prior lawsuits against the Village of Dixmoor or any of its police officers. In support of this motion, defendants state as follows:

During the depositions of Dixmoor Police Sergeant Jimmy Ganison and Officer Anthony Harvey, the plaintiff questioned these witnesses regarding a prior law suit against the Village of Dixmoor that involved allegations that Dixmoor Police Officers injured a suspect. Defendant anticipates that the plaintiff may seek to introduce this testimony at trial.

Plaintiff's counsel previously advised defense counsel and the court at the final pretrial conference that plaintiff was dismissing the Village of Dixmoor as a party defendant, and would proceed to trial only against the individual defendants King and Davis. Therefore, any testimony or other evidence regarding any prior lawsuits against the Village of Dixmoor, or any of its police officers, is irrelevant to the issue in this case – viz., whether defendants King and Davis violated plaintiff's civil

rights on December 21, 2004. Moreover, any such testimony would be inadmissible prior bad acts evidence barred by Fed. R. Evid. 404(b).

      WHEREFORE, defendants pray for the entry of an order *in limine* as set forth above.

                                             Respectfully submitted,
                                             s/Stephen A. Kolodziej
                                             Attorney for Defendants

Stephen A. Kolodziej
Robert A. Braun
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
(312) 781-1970

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 0963 |
| v. | ) | |
| | ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE DEPARTMENT, MITCHELL DAVIS and EMIR KING, | ) ) ) | Magistrate Judge Levin |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE # 5
TO BAR EVIDENCE OR ARGUMENT CONCERNING
DEFENDANT EMIR KING'S
PRIOR EMPLOYMENT REVIEWS**

NOW COME defendants Mitchell Davis and Emir King, by and through their attorneys Stephen Kolodziej and Robert Braun of the law firm of Brenner, Ford, Monroe & Scott, Ltd., and move the court *in limine* to bar plaintiff from offering any evidence or argument concerning prior employment reviews or counseling Emir King received from the Forest Park Police Department.

During the depositions of defendants Mitchell Davis and Emir King, the plaintiff questioned the witnesses regarding Emir King's past employment review while he was employed as a police officer in the Park Forest Police Department before joining the Dixmoor Police Department. Additionally, the plaintiff has subpoenaed Emir King's employment records from the Park Forest Police Department. According to the records, in February of 2003, while Emir King was undergoing probationary training with the Park Forest Police Department, he received counseling regarding his failure to meet expectations in the areas of reports and paperwork, tardiness and absence from work,

forgetting to wear his tie and bulletproof vest, and a lack of communication/indifferent attitude. As a result of the counseling session Emir King was "recycled" through a six-month training program. Three weeks following the counseling session, Emir King resigned his position with the Park Forest Police Department.

King's prior employment reviews while a Park Forest police officer, and his counseling regarding the issues identified above, do not involve issues of excessive force, are irrelevant to the issues in this case, and would constitute inadmissible prior bad acts evidence under Fed. R. Evid. 404(b) in any event. Such evidence would have no other purpose than to prejudice the jury by creating the impression that King is a "bad" police officer, and thereby had the propensity to commit the civil rights violation alleged by the plaintiff.

WHEREFORE, defendants pray for the entry of an order *in limine* as set forth above.

Respectfully submitted,
s/Stephen A. Kolodziej
Attorney for Defendants

Stephen A. Kolodziej
Robert A. Braun
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
(312) 781-1970

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 0963 |
| v. | ) | |
| | ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE | ) | |
| DEPARTMENT, MITCHELL DAVIS and | ) | Magistrate Judge Levin |
| EMIR KING, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE # 6
TO BAR EVIDENCE OF INSURANCE COVERAGE**

NOW COME defendants Mitchell Davis and Emir King, by and through their attorneys Stephen Kolodziej and Robert Braun of the law firm of Brenner, Ford, Monroe & Scott, Ltd., and move the court *in limine* to bar the plaintiff from introducing any testimony or evidence that any defendant is covered by liability insurance with respect to the claims asserted by the plaintiff, pursuant to Fed. R. Evid. 411.

WHEREFORE, defendants pray for the entry of an order *in limine* as set forth above.

Respectfully submitted,

s/Stephen A. Kolodziej

Attorney for Defendants

Stephen A. Kolodziej
Robert A. Braun
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
(312) 781-1970

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 0963 |
| v. | ) | |
| | ) | Judge Shadur |
| VILLAGE OF DIXMOOR, DIXMOOR POLICE | ) | |
| DEPARTMENT, MITCHELL DAVIS and | ) | Magistrate Judge Levin |
| EMIR KING, | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE # 7
TO BAR DOCUMENTS AND WITNESSES NOT PREVIOUSLY PRODUCED**

NOW COME defendants Mitchell Davis and Emir King, by and through their attorneys Stephen Kolodziej and Robert Braun of the law firm of Brenner, Ford, Monroe & Scott, Ltd., and move the court *in limine* to bar plaintiff from offering documents, evidence, or witnesses which were not disclosed or produced at least 30 days prior to trial, pursuant to Fed. R. Civ. P. 26 and 37.

WHEREFORE, defendants pray for the entry of an order *in limine* as set forth above.

Respectfully submitted,
s/Stephen A. Kolodziej
Attorney for Defendants

Stephen A. Kolodziej
Robert A. Braun
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
(312) 781-1970